McKEE, Circuit Judge,
concurring.
I agree that the district court erred in not allowing the Bryans an opportunity to amend their original complaint. Accordingly, I fully concur in my colleagues’ analysis. Moreover, the proposed amended complaint states a cause of action under the state created danger doctrine. However, I write separately because I believe that the Bryans’ original complaint also states a cause of action under the state created danger doctrine. Thus, although I agree that district court erred in not allowing the Bryans to amend their original complaint, I believe that complaint survives a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) even without the proffered amendment.
The Bryans initially alleged that at all pertinent times, J.O. “was under the custody of ECOCY” and that ECOCY employees had arranged the foster placement in their home. Compl. ¶ 32, 34, 39. The complaint states that ECOCY employees “did know or should have known” of J.O.’s history of sexually abusive and violent behavior toward family members and children. Compl. 1159. The Bryans alleged that the ECOCY defendants never disclosed that history to them or warned them of the risk posed by J.O.’s presence in their home. Compl. H 60, 62. The complaint states that “[o]n April 9, 2001, Defendant Renie Skalko of ECOCY provided the Bryans with [a] ‘Child Health and Educational Data Form’ which purported] to provide the Bryans with relevant critical information regarding J.O.” Compl. 1158. The form “disclose[d] nothing about J.O.’s history of sexual abuse, acting out or history of violence.” Id. If allowed to amend their complaint, the Bryans intend to rephrase their allegations to clarify that they are alleging that agents of ECOCY had actual knowledge of J.O.’s history and deliberately failed to disclose that information. They clearly should be allowed that clarification; however, it is surely not a prerequisite to surviving a motion to dismiss.
Moreover, contrary to the district court’s conclusion, the Bryans clearly have alleged an affirmative act, thus satisfying the fourth prong of the state created danger doctrine. See Dist. Ct. Op. at 25 (citing Bright v. Westmoreland, County, 443 F.3d 276 (3d Cir.2006); Sanford v. Stiles, 456 F.3d 298 (3d Cir.2006)). They allege that the state affirmatively gave them false information. Moreover, it can not seriously be maintained that placing J.O. in their home is anything other than an affirmative act.
Similarly, I believe the district court erred in concluding as a matter of law that the conduct alleged “does not rise to the level of ‘shocking the conscience.’ ” Dist. Ct. Op. at 22 n.3 (citing Schieber v. City of Philadelphia, 320 F.3d 409, 418 (3d Cir.2003)). “[W]here deliberation is possible and officials have the time to make unhurried judgments, deliberate indifference is sufficient” to satisfy the culpability requirement for a viable state-created danger claim. Sanford, 456 F.3d at 309 (footnote and internal quotation marks omitted).[1] See also Nicini v. Mor-ra, 212 F.3d 798, 811 (3d Cir.2000) (finding that deliberate indifference is the appropriate culpability standard for “special relationship” claims brought in the foster care context). I simply can not agree that no reasonable juror would find that plac *147 ing a known sexual abuser in a home with minor children, with no warning to the foster parents (and with reassurances), is tantamount to “deliberate indifference.” Rather, I believe a reasonable jury could quite easily conclude that such conduct “shocks the conscience.” As the Bryans quite correctly note, it is “shocking” that a “government employee would knowingly place a sexual predator into a home with a nine-year-old unsuspecting child, and give the [foster parents] a false document, which omits the predatory history of the child.” Appellant’s Br. at 14.
Nevertheless, since the Bryans are clearly entitled to amend their complaint, remand for that purpose is appropriate even though I do not believe it is necessary. Accordingly, I concur.

. The Sanford court left open the "possibility that deliberate indifference might exist without actual knowledge of a risk of harm when *147 the risk is so obvious that it should be known.” Id.